UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIERRA HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV-00967JAR |
| | ) |
| DEX XP, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Kierra Hughes's Motion to Quash Subpoena. (Doc. 33.) The motion has been fully briefed (Docs. 34, 37), and counsel presented argument to the Court at a telephone conference.

## I. Background

In her Amended Complaint (Doc. 8), Hughes alleges that she was subjected to a hostile work environment while employed by Defendant Dex XP, caused by her supervisor's persistent and sustained sexual harassment in the form of sexually and racially charged text messages and other actions. Hughes took medical leave under the Family and Medical Leave Act ("FMLA") and submitted all necessary paperwork. While Hughes was on leave, Dex terminated her employment, citing work abandonment. Hughes alleges that this reason was pretext for illegal discrimination and retaliation.

During discovery, Defendants served third-party subpoenas on several of Hughes's former employers, seeking medical files, correspondence, complaints of discrimination,

harassment, or retaliation, termination records, performance evaluations, applications, notes, and information regarding any counseling or discipline. (Doc. 33 at 1.) Hughes filed this Motion to Quash, arguing that the subpoenas are overbroad, seek irrelevant information, and are unduly burdensome. (Doc. 33.) Defendants respond that the documents are relevant and non-privileged and that therefore they are discoverable. (Doc. 37.)

## II. Legal Standards

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

This Court has held that "[a] Plaintiff's full employment records are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses." *Wolfe v. Gallagher Bassett Servs. Inc.*, No. 4:11CV01610 ERW, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012)

## III. Analysis

As explained during the telephone conference, the Court agrees that most of the materials sought in the subpoenas are discoverable. As explained in *Wolfe*, personnel records are likely to lead to admissible evidence regarding Hughes's credibility. *Id.* Likewise, the Court believes that payroll and benefit information may be relevant to damages. Further, the Court finds that Hughes has not shown that the information is privileged and agrees that Missouri's general right to privacy is insufficient to shield the materials from discovery. *Lutzeier v. Citigroup Inc.*, No.

4:14CV183 RLW, 2015 WL 1853820, at *2 (E.D. Mo. Apr. 22, 2015) (holding that, in cases in federal court on federal question jurisdiction, "federal law applies, and the Court is not required to recognize state law privileges"). The Court also notes that the parties have a protective order in place.

However, the Court finds the subpoenas are overbroad in scope to the extent that there may be medical information contained in the personnel files. That said, the parties are free to reach an agreement regarding the limited release of those records, as they indicated during the telephone conference.

Accordingly, for the reasons stated herein and during the telephone conference,

**IT IS HEREBY ORDERED** that Plaintiff Kierra Hughes's Motion to Quash Subpoena (Doc. 33), is **GRANTED in part and DENIED in part**. The motion is granted only as to medical information contained in the personnel files and denied in all other respects.

Dated this 11th day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE